IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MY FABRIC DESIGNS, INC., *Plaintiff*, v. F+W MEDIA, INC., *Defendant*. | CAUSE NO. 1:18-CV-01994-ER  JUDGE EDGARDO RAMOS RESPONSE MEMORANDUM |

### PLAINTIFF'S RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS AND STATEMENT OF FACTS

TO THE HONORABLE JUDGE OF THIS COURT:

My Fabric Designs ("MFD"), files these Statement of Facts pursuant to Local Rule 56.1(b – d):

I.

RESPONSE TO DEFENDANT'S ALLEGED MATERIAL FACTS NOT IN CONTENTION

1. The plaintiff objects to the inclusion of this statement within its statement of facts, because the fact alleged is not material to the disposition of the defendant's motion, and is, therefore, contrary to the purpose and spirit of Local Rule 56.1.

2. The plaintiff objects to the inclusion of this statement within its statement of facts, because the fact alleged is not material to the disposition of the

defendant's motion, and is, therefore, contrary to the purpose and spirit of Local Rule 56.1.

3. The plaintiff objects to the inclusion of this statement within its statement of facts, because the fact alleged is not material to the disposition of the defendant's motion, and is, therefore, contrary to the purpose and spirit of Local Rule 56.1.

4. The plaintiff objects to the inclusion of this statement within its statement of facts, because the fact alleged is not material to the disposition of the defendant's motion, and is, therefore, contrary to the purpose and spirit of Local Rule 56.1.

5. The plaintiff states that this contention, as stated, is controverted, and objects the defendant's support for this contention as supported by affidavit evidence for which the declarant has not demonstrated personal knowledge of the "facts" testified to in the affidavit. *See, e.g., Structured Invs. Co., LLC v. Dunlap (In re Dunlap)*, 458 B.R. 301, 316 (Bankr. E.D. Va. 2011)(Affidavit struck because "Managing Member" did not state what steps he took to gain knowledge, or how he came to possess the knowledge in affidavit).

6. The plaintiff states that this contention, as stated, is controverted, and objects the defendant's support for this contention as supported by affidavit evidence for which the declarant has not demonstrated personal knowledge of the "facts"

testified to in the affidavit. *See, e.g., Structured Invs. Co., LLC v. Dunlap (In re Dunlap)*, 458 B.R. 301, 316 (Bankr. E.D. Va. 2011)( Affidavit struck because "Managing Member" did not state what steps he took to gain knowledge, or how he came to possess the knowledge in affidavit). The plaintiff contends that "the software" at issue in this case was not created until after the parties formed their business relationship, and executed an agreement. (DN14, Ex. 1, ¶4).

7. The plaintiff objects to the inclusion of this statement within its statement of facts, because the fact alleged is not material to the disposition of the defendant's motion, and is, therefore, contrary to the purpose and spirit of Local Rule 56.1.

8. The plaintiff objects to the inclusion of this statement within its statement of facts, because the fact alleged is not material to the disposition of the defendant's motion, and is, therefore, contrary to the purpose and spirit of Local Rule 56.1.

9. The plaintiff objects to the inclusion of this statement within its statement of facts, because it is merely the opinion of the writer. The inclusion of this kind of statement in a statement of facts is both misleading and contrary to the sprit and purpose of Local Rule 56.1. In addition, this statement is controverted, as the software module to be delivered as the consideration under the parties letter

agreement had not been created at the time the parties entered their agreement. (**Exhibit 1**, ⁋3).

10.　　Agreed.

11.　　The plaintiff states that this contention, as stated, is controverted. In fact, the parties had many discussions regarding the SLPF *before* the software module was evaluated, and its terms were agreed to. (Exhibit 1, ⁋4). The plaintiff objects to the affidavit testimony of Mr. Bolton on this point as lacking personal knowledge. *See, e.g., Structured Invs. Co., LLC v. Dunlap (In re Dunlap)*, 458 B.R. 301, 316 (Bankr. E.D. Va. 2011)( Affidavit struck because "Managing Member" did not state what steps he took to gain knowledge, or how he came to possess the knowledge in affidavit).

12.　　The plaintiff states that this contention, as stated, is controverted. Paragraph 14 of Mr. Bolton's affidavit cannot even be said to support this statement. Exhibit 1 to the Bolton Affidavit is merely a copy of the Letter Agreement. In fact, the terms of the SLPF had already been delivered BEFORE execution of the Letter agreement, and are referenced BY the Letter Agreement. (**Exhibit 2**).

13.　　The plaintiff states that this contention, as stated, is controverted. In fact, the terms of the SLPF had already been delivered BEFORE execution of the Letter agreement, and are referenced BY the Letter Agreement. (**Exhibits 1 & 2**).

14. The plaintiff objects to the inclusion of this statement within its statement of facts, because it is merely the opinion of the writer. The inclusion of this kind of statement in a statement of facts is both misleading and contrary to the sprit and purpose of Local Rule 56.1. The plaintiff states that this contention, as stated, is controverted. (**Exhibits 1 & 2**).

15. Agreed, as to the first sentence. The factual assertion of the second sentence is controverted by the plaintiff, as the terms of the SLPF were received were agreed to upon FWM failure to terminate the project under the terms of the LOI. (**Exhibit 2**).

16. Agreed, if the assertion is that MFD entertained amendment or modification of the agreement after the time that FWM failed to deliver the executed SLPF.

17. Agreed.

18. Agreed, to the extent that the defendant admits that FWM failed to deliver the executed SLPF.

19. The plaintiff responds that this factual assertion is controverted. Both the affidavit evidence of Gary Gardner, and the deposition testimony of Kristi Loffelholz indicate that the parties proceeded in a manner consistent with FWM' duties under the agreement. FWM later repudiated the agreement. (**Exhibits 1, 4**).

20. The plaintiff responds that this factual assertion is controverted. (Exhibit 1, ¶3).

21. Agreed. However, the purpose of Local Rule 56.1 is to allow the trial court to easily and accurately determine what facts, if any, are not subject to dispute. For this reason, the plaintiff objects to the inclusion of this kind of statement in a statement of facts as contrary to the sprit and purpose of Local Rule 56.1.

22. Agreed. However, the purpose of Local Rule 56.1 is to allow the trial court to easily and accurately determine what facts, if any, are not subject to dispute. For this reason, the plaintiff objects to the inclusion of this kind of statement in a statement of facts as contrary to the sprit and purpose of Local Rule 56.1.

23. Agreed. However, the purpose of Local Rule 56.1 is to allow the trial court to easily and accurately determine what facts, if any, are not subject to dispute. For this reason, the plaintiff objects to the inclusion of this kind of statement in a statement of facts as contrary to the sprit and purpose of Local Rule 56.1.

24. Agreed. However, the purpose of Local Rule 56.1 is to allow the trial court to easily and accurately determine what *material* facts, if any, are not subject to dispute. For this reason, the plaintiff objects to the inclusion of this kind of statement in a statement of facts as contrary to the sprit and purpose of Local Rule 56.1.

25. The plaintiff responds that this factual assertion is controverted. This paragraph contains a legal argument that was already presented, and rejected by this Court. (DN 33)(asking this Court to discontinue discovery on the basis prior court's order relating to jurisdiction). Specifically, the issue as to whether or not acceptance of the software module created a duty in FWM to deliver the signed SLPF was not briefed by either party, nor ruled upon by that court. For this reason, this Court allowed FWM to file a summary judgment motion, but denied its request to stay discovery). (DN 37).

26. Agreed. However, the purpose of Local Rule 56.1 is to allow the trial court to easily and accurately determine what *material* facts, if any, are not subject to dispute. For this reason, the plaintiff objects to the inclusion of this kind of statement in a statement of facts as contrary to the sprit and purpose of Local Rule 56.1.

27. Agreed. However, the purpose of Local Rule 56.1 is to allow the trial court to easily and accurately determine what *material* facts, if any, are not subject to dispute. For this reason, the plaintiff objects to the inclusion of this kind of statement in a statement of facts as contrary to the sprit and purpose of Local Rule 56.1.

28. Agreed. However, the purpose of Local Rule 56.1 is to allow the trial court to easily and accurately determine what *material* facts, if any, are not subject

to dispute.   For this reason, the plaintiff objects to the inclusion of this kind of statement in a statement of facts as contrary to the sprit and purpose of Local Rule 56.1.

29.   Agreed. However, the purpose of Local Rule 56.1 is to allow the trial court to easily and accurately determine what *material* facts, if any, are not subject to dispute.   For this reason, the plaintiff objects to the inclusion of this kind of statement in a statement of facts as contrary to the sprit and purpose of Local Rule 56.1.

30.   This statement is objected to because it is not a factual assertion, but, rather, merely the argument of counsel.  As such, it has no place in a statement of facts, which is designed to allow this Court to quickly and accurately discern what material facts, if any, are not reasonably in dispute.

II.
PLAINTIFF'S STATEMENT OF FACTS

1.   The plaintiff and defendant entered into and executed the letter agreement ("LOI") attached to the plaintiff's response as Exhibit 2. (**Exhibit 2**).

2.   The LOI, inter alia, calls on MFD to develop software, and present this software to FWM for evaluation. (**Exhibit 2**).

3.   MFD did develop the software, and presented the software to FWM for evaluation.  (**Exhibits 1, 2, 4**)(DN 39, p.3, ¶1).

4.	After the evaluation period, the LOI calls on FWM to, within 5 days, either (1) notify MFD of its intention to discontinue the project, or (2) deliver an executed copy of the SLFP agreement. (**Exhibit 2**)(DN 39, p.3, ¶1).

5.	FWM did not, at the end of the evaluation period, notify MFD of its intention discontinue the project. (**Exhibits 1, 4**) (DN 39, p.3, ¶1).

6.	FWM did not, at the end of the evaluation period, deliver the executed SLPF Agreement to MFD, and never has. (**Exhibits 1, 4**) (DN 39, p.3, ¶1).

7.	FWM made statements, after the delivery date, that the project was agreed to, and would go forward. (**Exhibit 4** at 43:18 – 44:13).

Respectfully Submitted,

_____
Gerald Fowler
State Bar No. 24006300
McGowen & Fowler, PLLC
8588 Katy Fwy., Suite 226
Houston, Texas  77024
gff@mcgowenfowler.com
Tel.  (713) 722-7500
Fax. (713) 481-8369

*Attorney for My Fabric Designs, Inc.*

## CERTIFICATE OF SERVICE

I, the person subscribed below, do hereby certify that a true and correct copy of the above pleading was sent to all parties and/or counsel of record on this Thursday, September 6, 2018.

_____
Gerald Fowler